## Bargerstock v. Washington-Greene Community Action Corp.

*William M. Radcliffe* and *Louise D. Monaghan,* for plaintiff.

*James E. Kennedy and Lisa Ondich,* for defendant Washington-Greene Community Action Corp.

*Kenneth O. Tompkins II,* for defendant John Wilson.

GRIMES, *J.,* June 21, 1989 — Plaintiff, Ann Bargerstock, has filed a motion for delay damages after judgment.

On August 10, 1988, a jury returned a $300,000 verdict in favor of Bargerstock. The jury found that defendants defamed her and violated her civil rights. On August 19, Bargerstock petitioned this court for an award of delay damages on the $50,000 compen-

satory portion of the verdict. Five days later, on August 24, defendants responded to the petition by claiming plaintiffs were tardy in requesting delay damages.* On February 15, 1989, the court, having disposed of all post-trial motions, set April 6, 1989 for hearing argument and receiving evidence on the delay damages petition. The parties all requested that the hearing not be held and on April 28, 1989, a joint stipulation was filed postponing the delay damages issue until after the appeal to the Superior Court of Pennsylvania had been determined. However, on May 30, 1989, the Superior Court dismissed the appeal as premature since this court had yet to rule on the substantive matters contained in Bargerstock's request for delay damages. Pa.R.C.P. 238(c)(3)(i). Thereafter, on June 13, 1989, a hearing was held on Bargerstock's request for delay damages.

The issue is whether delay damages pursuant to rule 238 are recoverable in a defamation action. Counsel observed that no Pennsylvania appellate court has answered this question. Their observations are correct to the extent that our appellate courts have not affirmatively decided the issue. However, the Superior Court has, albeit sub silentio, resolved this issue.

Rule 238 provides that delay damages shall become part of the verdict when compensatory damages are awarded in an action "for bodily injury, death or property damage." Pa.R.C.P. 238(a). Defendants argue that this language does not entitle plaintiff to recover delay damages in that defama-

---

* The December 8, 1988 opinion discussed the timeliness issue and, based on revised rule 238, held that the plaintiff's petition was timely filed.

tion is not a bodily injury. *Geyer v. Steinbronn,* 351 Pa. Super. 536, 506 A.2d 901 (1986), supports defendants' argument.

The *Geyer* plaintiff sued after an unfavorable employment report was given to a prospective employer by the defendants. The plaintiff's complaint was premised on the theories of defamation and intentional interference with prospective contractual relations. A jury found in favor of the plaintiff. The defendants appealed and the plaintiff cross-appealed. The cross-appeal alleged five specific errors. The fifth allegation of error, and the only one pertinent to this case, states:

"The lower court erred in denying plaintiffs' motion for assessment of damages for delay pursuant to Pa.R.C.P. no. 238." *Geyer* at 544, 506 A.2d at 905.

The brief the *Geyer* plaintiff submitted to the Superior Court argued that "consequential damages for resulting injury to the victim's mental health and well-being have always been recoverable in such actions where the defamation was actionable per se and were allowed to the plaintiffs without question in this action. (citations omitted)." The *Geyer* plaintiff also argued that the promotion of settlement embodied in rule 238 "would be served by applying rule 238 to actions for defamation . . . [since] intentional torts are often more difficult to settle because the tortfeasors are more defensive." In response to these arguments, the Superior Court stated:

"We have reviewed the record with respect to the issues raised by plaintiffs' cross-appeal and find that the opinion of the trial court . . . adequately addresses these issues. We therefore affirm the trial court's denial of plaintiff's various requests for relief."

The *Geyer* trial court opinion disposed of all post-trial motions including the plaintiff's request

for delay damages. On that issue, the court held that "an action for defamation seeks to vindicate the invasion of one's interest in a true reputation. *Barr v. Moore,* 87 Pa. 385 (1878). Clearly, no injury to body or property is involved in a defamation action." Slip op. at 43-4, August 13, 1982.

Based on the foregoing analysis and sub silentio precedent of the Superior Court, delay damages, pursuant to Pa.R.C.P. 238, are not recoverable in a defamation action.

However, plaintiff urges the court to disregard defendant's argument that bodily injury does not include defamation since it was not raised until March 16, 1989 when defendants filed a "supplemental response" to the petition for delay damages. It is true that his reply was filed well after the time period proscribed by rule 238(c)(1). It is also uncontroverted that the non-application of the rule to a particular cause of action is an argument which cannot be raised in defendant's answer. See, comment to rule 238 (limiting a defendant to two bases upon which to oppose the motion). This is fundamentally unfair to defendants. As a result, an argument that rule 238 does not apply to the underlying cause of action shall be treated as a failure to state a claim upon which relief can be granted which, according to Pa.R.C.P. 1032, is exempt from the traditional rule regarding waiver of defenses.

## ORDER

And now, June 21, 1989, plaintiff's motion for an award of damages for delay pursuant to Pa.R.C.P. 238 is denied.